UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTIAN OSEGUEDA, | ) | NO. CV 12-6250-JVS (AGR) |
| Petitioner, | ) | |
| v. | ) | |
| RANDY GROUNDS, | ) | ORDER TO SHOW CAUSE |
| Respondent. | ) | |
| | ) | |

On July 19, 2012, Petitioner filed a Petition for Writ of Habeas Corpus
pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears the
one-year statute of limitations has expired.

The court, therefore, orders Petitioner to show cause, on or before **August
27, 2012**, why the court should not recommend dismissal of the petition with
prejudice based on expiration of the one-year statute of limitations.

# I.

## PROCEDURAL BACKGROUND

On January 16, 2004, a Los Angeles County jury convicted Petitioner of various crimes.  (Petition at 2.)  The court sentenced Petitioner to 30 years, 8 months in prison.  (*Id.*)  On December 21, 2005, the California Court of Appeal affirmed the conviction.  (*Id.* at 3); *see People v. Osegueda*, 2005 WL 3485502 (2005).[1]  On March 1, 2006, the California Supreme Court denied review.  California Online Appellate Courts Case Information in Case No. S140563.[2]

On January 30, 2012, Petitioner filed a habeas petition in the California Court of Appeal, which was denied on February 21, 2012.  California Online Appellate Courts Case Information in Case No. B238749.  On March 27, 2012, Petitioner filed a habeas petition in the California Supreme Court, which was denied on June 13, 2012, with citations, including *In re Robbins*, 18 Cal. 4th 770, 780 (1998).[3]  California Online Appellate Courts Case Information in Case No. S201206.

On July 15, 2012 , Petitioner constructively filed (Petition, Back of envelope) the instant petition in this court in which he raises four grounds:  (1) a due process violation based on refusal to release juror information; (2) juror misconduct; (3) erroneous admission of uncharged offense; and (4) insufficient evidence.  (*Id.* at 5-6.)

# II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective

---

[1]  In some California decisions, Petitioner's first name is spelled "Cristian."

[2]  Petitioner's claim that the California Supreme Court denied review on February 21, 2012 is incorrect.  (Petition at 3.)  He is apparently referring to a habeas petition in the California Court of Appeal.

[3]  A citation to page 780 of *In re Robbins* is a "clear ruling that [a] petition was untimely."  *See Thorson v. Palmer,* 479 F.3d 643, 645 (9th Cir. 2007)*.

1   Death Penalty Act of 1996 ("AEDPA").  Therefore, the court applies the AEDPA in

2   reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138

3   L. Ed. 2d 481 (1997).

4         The AEDPA contains a one-year statute of limitations for a petition for writ

5   of habeas corpus filed in federal court by a person in custody pursuant to a

6   judgment of a state court.  28 U.S.C. § 2244(d)(1).  The one-year period starts

7   running on the latest of either the date when a conviction becomes final under 28

8   U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).  Only subdivision

9   (d)(1)(A) is relevant in Petitioner's case.

10        The California Supreme Court denied review on direct appeal on March 1,

11  2006.  Petitioner's conviction became final ninety days later on May 30, 2006.

12  *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  Absent tolling, the

13  statute of limitations expired on May 30, 2007.

14        **A.    Statutory Tolling**

15        The statute of limitations is tolled during the time "a properly filed

16  application for State post-conviction or other collateral review with respect to the

17  pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

18        Because Petitioner did not file his first state habeas petition until January

19  30, 2012, he is not entitled to statutory tolling.  *See Welch v. Carey*, 350 F.3d

20  1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations has

21  expired does not revive the expired limitations period).  Absent equitable tolling,

22  the petition is time-barred.

23        **B.    Equitable Tolling**

24        "[T]he timeliness provision in the federal habeas corpus statute is subject to

25  equitable tolling."  *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130

26  (2010).  "[A] 'petitioner' is 'entitled equitable tolling' only if he shows '(1) that he

27  has been pursuing his rights diligently, and (2) that some extraordinary

28  circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (quoting

1    *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669

2    (2005)).  "The diligence required for equitable tolling purposes is "reasonable

3    diligence," not "maximum feasible diligence."  *Id.* at 2565 (citations and quotation

4    marks omitted).  The extraordinary circumstances must have been the cause of

5    an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this

6    reason only when "'extraordinary circumstances beyond a prisoner's control

7    make it *impossible* to file a petition on time'" and "'the extraordinary

8    circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness.'"

9    *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphases in

10   original).

11        There is no indication in the petition that Petitioner is entitled to equitable

12   tolling.  The petition is therefore late by over five years.

13                                   **III.**

14                          **ORDER TO SHOW CAUSE**

15        IT IS THEREFORE ORDERED that, on or before **August 27, 2012**,

16   Petitioner shall show cause, if there be any, why the court should not recommend

17   dismissal with prejudice of the petition based on expiration of the one-year statute

18   of limitations.

19        **Petitioner is also advised that if he fails to timely respond to this**

20   **order to show cause, the court will recommend that the petition be**

21   **dismissed with prejudice based on expiration of the one-year statute of**

22   **limitations.**

23

24   DATED:  July 27, 2012

25                                   ALICIA G. ROSENBERG
                                     United States Magistrate Judge

26

27

28

                                     4